IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLA TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-01835-X-BT |
| | § | |
| NEWREZ LLC d/b/a | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this civil action arising out of an alleged wrongful foreclosure is Plaintiff Charla Turner's Motion to Remand to State Court (ECF No. 6) and Defendants' Motion to Dismiss (ECF No. 10). For the reasons stated, the District Judge should **DENY** Plaintiff's Motion to Remand and **GRANT** Defendant's Motion to Dismiss.

## *Background*

### *Procedural Background*

Plaintiff Charla Turner, a Texas citizen, sued Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (NewRez), Specialized Loan Servicing LLC, Wells Fargo Bank NA (Wells Fargo), and Kelly Porter (collectively, the "Defendants") in Texas state court. *See* Defs.' Not. of Removal, Ex. A (ECF No. 1-2). In her state court petition, Plaintiff asserts claims of wrongful foreclosure, violation of due process,

and quiet title. *Id.* at 5, ¶¶ 19–21. Plaintiff also seeks injunctive relief to prevent Defendants from foreclosing on certain real property located on Woodberry Drive in Forney, Texas (the "Woodberry Property"). *Id.* at 3–4, ¶¶ 8–11; *id.* at 5, ¶ 22. Defendants timely removed the case to this Court based on diversity jurisdiction. *See* Defs.' Not. of Removal (ECF No. 1).

### *Factual Background*

In 2006, Plaintiff and her then-husband[1] obtained a loan and executed a deed of trust on the Woodberry Property that secured payment of the loan. *See* Defs.' Mot. to Dismiss, Ex. A (ECF No. 10-1) (deed of trust). The original mortgagor, Option One Mortgage Corporation, assigned the beneficial interest in the deed of trust to Wells Fargo. *Id.*, Ex. B (ECF No. 10-2) (assignment).

Plaintiff has filed for bankruptcy many times. Pertinent here, Plaintiff filed for voluntary bankruptcy in June 2020 under Chapter 13 of the United States Bankruptcy Code. *See id.*, Ex. E (ECF No. 10-5) (providing docket for bankruptcy proceedings). Plaintiff executed a Chapter 13 plan the next month, agreeing to surrender the Woodberry Property. *Id.*, Ex. H, at 3–4 (ECF No. 10-8). In this plan, Plaintiff surrendered the Woodberry Property to satisfy any claims asserted against her. *Id.* at 4 ("[T]he surrender of the [Woodberry Property] will provide for the payment of all or part of a claim . . . in the amount of the value given herein.").

---

[1] Plaintiff's husband quitclaimed his interest in the Woodberry Property to Plaintiff after their divorce. *See* Defs.' Mot. to Dismiss, Ex. C (ECF No. 10-3) (quitclaim deed).

Later, Specialized Loan Servicing, a loan servicer for Wells Fargo, moved for relief from the automatic stay on the Woodberry Property. *Id.*, Ex. F (ECF No. 10-6). On October 1, 2020, the bankruptcy court terminated the stay and explicitly permitted Specialized Loan Servicing "to exercise any rights granted to it by the parties' contract documents with respect to the [Woodberry Property] including, but not limited to, the execution of a non-judicial foreclosure sale of the [Woodberry] Property." *Id.*, Ex. G, at 3 (ECF No. 10-7). The bankruptcy court confirmed Plaintiff's Chapter 13 plan on October 7, 2020. *Id.*, Ex. I (ECF No. 10-9).

Wells Fargo foreclosed on the Woodberry Property on December 3, 2024. *Id.*, Ex. J, at 3 (ECF No. 10-10). Yet Plaintiff continued to occupy the Woodberry Property, claiming that Wells Fargo's foreclosure came too late after the bankruptcy judge lifted the stay. Defs.' Not. of Removal, Ex. A, at 3–5, ¶¶ 9–18 (ECF No. 1-2). Plaintiff's conduct has led to eviction proceedings against Plaintiff and Plaintiff's present civil suit against Defendants. *See* Defs.' Mot. to Dismiss, Exs. K & L (ECF Nos. 10-11 & 10-12) (state court judgments holding that Wells Fargo is entitled to possession of the Woodberry Property).

Plaintiff now moves the Court to remand her case to state court because the Court lacks complete diversity of citizenship due to nondiverse Defendant Porter who is a "resident" of Texas. *See* Pl.'s Mot. to Remand at 2, ¶ 3(a) (ECF No. 6). In response, Defendants argue that Defendant Porter was "fraudulently joined," and Plaintiff's claims are subject to dismissal because the doctrine of judicial estoppel

bars her claims; she fails to state a *prima facie* case for her wrongful disclosure, due process, and quiet title claims; and Plaintiff has no right to any injunctive relief. Defs.' Mot. to Dismiss at 4–10 (ECF No. 10); *see also* Defs.' Resp. at 1–2 (ECF No. 19). Because remand is inappropriate and Plaintiff's claims are barred by the doctrine of judicial estoppel, the Court need not address Defendants' remaining arguments.

### *Legal Standards*

### *Removal and Remand*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant seeking to remove a case to federal court satisfies her burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [of a removed case], the case shall be remanded." 28 U.S.C. § 1447(c); *see also Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 716 F. App'x 349, 350–51 (5th Cir. 2018) (per curiam). Moreover, any doubts about removal must be resolved against removal and in favor of remand. *Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield*, 331

F. Supp. 2d 502, 508 (N.D. Tex. 2004) (quoting *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992)).

*Improper Joinder[2]*

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties in the matter are completely diverse. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Complete diversity requires that each plaintiff is completely diverse from each defendant. *Caterpillar,* 519 U.S. at 68. In other words, complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 313 (5th Cir. 2019) (cleaned up).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573).

---

[2] Defendants refer to improper joinder as "fraudulent joinder." But because the Fifth Circuit "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,'" the Court uses the Fifth Circuit's "preferred" term "[a]lthough there is no substantive difference between the two[.]" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

5

The test under the second prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *accord Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The "holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

To determine whether the defendant has shown the plaintiff's inability to recover against the nondiverse defendant, courts conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood*, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. The court's "Rule 12(b)(6)-type analysis . . . is used to resolve the issue of jurisdiction, not merits," however, and when a court finds a party is improperly joined, dismissal without prejudice is appropriate. *Int'l Energy Ventures*, 818 F.3d at 210.

6

*12(b)(6)*

Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. When the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly,* 550 U.S. at 557).

7

### *Analysis*

Plaintiff requests that the Court remand this case because Defendant Porter is a "resident" of Texas, and therefore, the parties are not completely diverse. Pl.'s Mot. to Remand at 2, ¶ 3(a) (ECF No. 6). In response, Defendants contend that Defendant Porter is improperly joined because Plaintiff has no possibility of recovery against nondiverse Defendant Porter, and therefore she should be disregarded for purposes of diversity jurisdiction. Defs.' Resp. at 4–6 (ECF No. 19). Defendants also separately move to dismiss Plaintiff's Complaint under the doctrine of judicial estoppel. Defs.' Mot. to Dismiss at 4–6 (ECF No. 10). The Court first addresses Plaintiff's Motion to Remand.

### *Preliminary Matters*

Before beginning its analysis, the Court takes judicial notice of Plaintiff's bankruptcy filings, state court documents, and the Kaufman County Appraisal District records. In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion." *Turnage v. McConnell Techns., Inc.*, 671

F. App'x 307, 309 (5th Cir. 2016) (per curiam). "When matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties"; however, the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion . . . are not considered matters outside the pleadings for purposes of conversion." *Id.* (cleaned up).

It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). This includes filings from prior litigation, including bankruptcy and state court proceedings, and county appraisal records. *See Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (holding that a state court record is a publicly available government filing that can be subject to judicial notice at the motion to dismiss stage); *Daniel v. Ocwen Loan Servicing LLC*, 2019 WL 2719286, at *4 (N.D. Tex. June 13, 2019) (Ray, J.) (taking judicial notice of bankruptcy filings), *appeal dismissed by* 2020 WL 4592922 (5th Cir. Apr. 14, 2020); *Claudio D. v. Countrywide KB Home Loans*, 2015 WL 5164812, at *5–6 (N.D. Tex. Sept. 1, 2015) (Kinkeade, J.) (same); *Johnson v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 3810715, at *5 (N.D. Tex. July 23, 2013) (Lindsay, J.) (same); *Pinkerton v. Wal-Mart Stores, Inc.*, 2020 WL 4339051, at *2 (N.D. Tex. July 28, 2020) (Kinkeade, J.) (taking judicial notice of appraisal district records for property at issue). Thus,

the Court takes judicial notice of the filings in the related state court proceedings, *see* Defs.' Mot. to Dismiss, Exs. K & L (ECF Nos. 10-11 & 10-12); Plaintiff's bankruptcy proceeding styled *In re Charla Monique Harris-Agers*, Case No. 20-31620-mvl13, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division; and the Kaufman County Central Appraisal District records, *see* Mot. to Dismiss, Ex. M (ECF No. 10-13).

### *Plaintiff's Motion to Remand*

Defendants allege that nondiverse Defendant Porter is improperly joined and therefore should be disregarded for purposes of diversity jurisdiction, because "Plaintiff has no possibility of success on the merits against Ms. Porter." Defs.' Opp. to Mot. to Remand at 4 (ECF No. 19). In her Complaint and Response to Defendants' Motion to Dismiss, Plaintiff makes the following allegations against Porter:

i.  "Porter or her representatives attempted to contact Plaintiff on two occasions asking for permission to inspect the roof—indicating uncertainty in possession and title status." Defs.' Not. of Removal, Ex. A, at 4, ¶ 15 (ECF No. 1-2).

ii.  "[E]mail communications showing that Defendant Kelly Anne Porter attempted to reach [Plaintiff] directly." *Id*. at 5, ¶ 18.

iii.  In support of her Complaint, she attaches her own declaration, stating that Porter "requested permission to have [Plaintiff's] roof inspected." *Id*., Supp. Decl. of Charla Turner, at 23.

iv.  "Plaintiff's insurance company stopped a pending roof claim, stating the property was now REO-owned and that Kelly Anne Porter was listed as the new owner." Resp. to Defs.' Mot. to Dismiss at 4 (ECF No. 18).

v.  "A notice-to-vacate was physically posted on the front door. The posting was linked to Porter's known role and confirmed through a voicemail received from her number." *Id.*

vi.  "Plaintiff received a text message from the roofing company, confirming they were instructed to access the property for inspection on behalf of [Porter]." *Id.*

vii.  "Plaintiff recalls sending an email informing Porter that a bankruptcy case was active at the time of her attempted possession and that no lawful transfer had occurred. Plaintiff is actively retrieving a copy of this email for the court." *Id.* at 5.

Plaintiff does not elaborate on these allegations or connect these allegations to any of her causes of action. And Defendants provided evidence proving that Porter is not the owner of the Woodberry Property. *See* Mot. to Dismiss, Ex. M, at 2 (ECF No. 10-13) (attaching Kaufman County Appraisal District records for the Woodberry Property). Rather, Wells Fargo owns the Woodberry Property and Wells Fargo initiated foreclosure and eviction proceedings against Plaintiff. *See id.*, Exs. K & L (ECF Nos. 10-11 & 10-12) (state court judgments finding in favor of Wells Fargo).

Plaintiff fails to allege any specific facts connecting Porter to any cause of action, let alone specific allegations of wrongdoing. *See Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992)* ("[I]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.") (cleaned up); *Phillips v. HSBC Mort. Servs.,* 2013 WL 12124324, at *1 (N.D. Tex. June 13, 2013) (Means, J.) (dismissing plaintiff's complaint because she failed "to specifically allege any facts in support of the particular [claims] [p]laintiff has

11

made against the . . . defendants"). "[E]ven the most sympathetic reading of plaintiff's pleadings uncover no theory and no facts that would subject [Porter] to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

As Plaintiff has no possibility of recovering against nondiverse Defendant Porter, the District Judge should **DENY** Plaintiff's Motion to Remand to State Court.

### *Defendants' Motion to Dismiss*

Defendants contend that Plaintiff's claims are subject to dismissal because the doctrine of judicial estoppel bars her claims;[3] she fails to state a *prima facie* case for her wrongful disclosure, due process, and quiet title claims; and Plaintiff is not entitled to any injunctive relief. Defs.' Mot. to Dismiss at 4–10 (ECF No. 10). Plaintiff does not substantively respond to Defendants' arguments, and she does not address Defendants' assertion of judicial estoppel.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Firefighters' Ret. Sys. v. Grant*

---

[3] "Judicial estoppel is an affirmative defense." *Abreu v. Zale Corp.*, 2013 WL 1949845, at *1 (N.D. Tex. May 13, 2013) (Fitzwater, J.). Dismissal under Rule 12(b)(6) is normally inappropriate on an affirmative defense; however, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam). Here, the elements of judicial estoppel appear on the face of Plaintiff's Complaint and in court filings subject to judicial notice. Therefore, judicial estoppel may be properly considered for Defendants' motion to dismiss. *See Claudio D.*, 2015 WL 5164812, at *8 (considering judicial estoppel on motion to dismiss); *Daniel*, 2019 WL 2719286, at *3 (same).

*Thornton, LLP*, 894 F.3d 665, 670 (5th Cir. 2018) (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004)). In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc).

Judicial estoppel requires: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* The Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

1. Inconsistent Positions

Plaintiff's inconsistent position relates to whether Defendants have a right to foreclose on the Woodberry Property. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Superior Crewboats*, 374 F.3d at 335 (emphasis removed) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999)). The duty of disclosure continues throughout the bankruptcy proceeding and even after the debtor is discharged and the bankruptcy

13

case is closed. *Id.*; *see also E.E.O.C. v. Rock-Tenn Servs. Co.*, 901 F. Supp. 2d 810, 830 (N.D. Tex. 2012) (citing *In re Coastal Plains, Inc.*, 179 F.3d at 207–08). Thus, "if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met." *Claudio D.*, 2015 WL 5164812, at *9 (quoting *Thompson v. Sanderson Farms, Inc.*, 2006 WL 7089989, at *3 (S.D. Miss. May 31, 2006)).

Here, Plaintiff expressly surrendered the Woodberry Property in the Chapter 13 plan but now challenges Wells Fargo's ability to foreclose. Plaintiff claims that Defendants cannot enforce the Deed of Trust because Wells Fargo moved to foreclose on the property four years after the bankruptcy court lifted the stay of the bankruptcy proceedings. Defs.' Not. of Removal, Ex. A, at 3–4, ¶ 9 (ECF No. 1-2). However, Plaintiff did not amend her Chapter 13 plan to include Plaintiff's claim that foreclosure was barred by the applicable statute of limitations, which the Bankruptcy Code and Rules require her to do. And Plaintiff's position in this proceeding—that Wells Fargo cannot foreclose on the property—directly contradicts her surrender of the Woodberry Property in the bankruptcy proceeding. *See* Defs.' Mot. to Dismiss, Ex. H, at 3–4 (ECF No. 10-8) (listing the Woodberry Property as collateral to be surrendered); *Daniel*, 2019 WL 2719286, at *4 ("More glaring, however, is Plaintiffs' representation to the bankruptcy court that . . . they surrendered [the property] to Defendants. Plaintiffs' action in this case challenging Defendants' foreclosure is the exact opposite of that

14

representation, and they should not be allowed to make such a claim."); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at \*4–5 (E.D. Tex. Nov. 22, 2010) ("[Plaintiff] represented that it was his intention to surrender the property to CitiMorgage. . . . The Plaintiffs' position in this lawsuit is the opposite of the representations they made to the Bankruptcy Court, and they should not be allowed to advance such positions. They should not be allowed to 'play fast and loose' with the courts in order to avoid foreclosure.").

Therefore, the first element of judicial estoppel is satisfied because Plaintiff's position in this case is in direct contravention of the representations she made to the bankruptcy court.

2. Reliance on Plaintiff's Inconsistent Position

As to the second element, the bankruptcy court accepted and relied on Plaintiff's inconsistent position when it confirmed the Chapter 13 plan, lifted the automatic stay, and discharged her bankruptcy case. "Courts have consistently held that a bankruptcy court accepts a debtor's position when it relies on her asset schedules and confirms her bankruptcy plan. This reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan." *Abreu*, 2013 WL 1949845, at \*3 (citing *Jethroe*, 412 F.3d at 600).

The Chapter 13 plan expressly stated that Plaintiff surrendered the Woodberry Property to satisfy Defendants' claims, and the bankruptcy court accepted that plan. Defs.' Mot. to Dismiss, Ex. H, at 3–4 (ECF No. 10-8). Further,

15

the bankruptcy court impliedly relied on Plaintiff's position when it discharged the bankruptcy case and lifted the automatic stay so that Defendants could foreclose on it. *Daniel*, 2019 WL 2719286, at *4 (collecting cases)*; Johnson,* 2013 WL 3810715, at *9 ("[T]he bankruptcy court necessarily reviewed, and relied to some extent, on Plaintiff's . . . schedules before confirming her bankruptcy plan and discharging her debts."). Therefore, the second element of judicial estoppel is met because the bankruptcy court confirmed the Chapter 13 plan, lifted the automatic stay, and discharged Plaintiff's bankruptcy case.

   3. Lack of Inadvertence

Finally, the Court determines that Plaintiff's inconsistent positions are not inadvertent. In bankruptcy cases, "[t]he debtor's failure to satisfy [her] statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.*" Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 210). And a "lack of awareness of a statutory disclosure duty for legal claims is not relevant." *In re Flugence*, 738 F.3d 126, 130–31 (5th Cir. 2013) (cleaned up).

Here, Plaintiff knew about the claim, as she explicitly surrendered the Woodberry Property in the bankruptcy proceeding. *Daniel*, 2019 WL 2719286, at *4 ("Here, Plaintiffs cannot claim they lacked knowledge of the claim that the Deed of Trust was unenforceable due to the passage of time. Plaintiffs surrendered the Property to Defendants, and in accordance with the Plan, the automatic stay was

16

terminated as to the Property thereby permitting Defendants to initiate foreclosure proceedings.").

As to Plaintiff's motivation, the Fifth Circuit has stated that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of [the] potential financial benefit resulting from the nondisclosure." *Love, 677 F.3d at 262* (quoting *Thompson, 2006 WL 7089989*, at *12–13). In this suit, Plaintiff seeks to prevent foreclosure of the Woodberry Property. However, this claim contradicts her surrender of the Woodberry Property in the Chapter 13 plan, and Plaintiff failed to disclose to the bankruptcy court the claims she is pursuing or amend her Chapter 13 plan regarding the Woodberry Property. *See Claudio D., 2015 WL 5164812*, at *12 (finding that plaintiffs had motivation for concealment because they would "reap a windfall" if they prevailed in a suit after the bankruptcy court discharged their debts and "obtained relief without having accounted for it in their bankruptcy case"). Accordingly, the Court finds that Plaintiff's inconsistent positions were not inadvertent.

As all three elements of judicial estoppel are met, Plaintiff's claims against the Defendants are barred by the doctrine of judicial estoppel. Accordingly, the District Judge should **GRANT** Defendants' Motion to Dismiss.

### *Opportunity to Amend*

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Hitt v. City of Pasadena, 561*

F.2d 606, 608 (5th Cir. 1977) (per curiam); *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.). A *pro se* plaintiff may also obtain leave to amend a complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, J.).

But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[ ] ha[s] already alleged [her] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) and *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

As Plaintiff's claims are barred by the doctrine of judicial estoppel, the District Judge should not give Plaintiff any further opportunities to amend her Complaint because it would be futile. *See Hill v. Estate of Hill*, 594 F. Supp. 3d 741, 766 (N.D. Tex. 2022) ("[I]n light of the court's determination that Plaintiffs are estopped from bringing their claims, either under a theory of judicial estoppel or

18

quasi-judicial estoppel, any amendment would be futile."); *In re Highland Cap. Mgmt., L.P.*, 2024 WL 4139647, at *8 (N.D. Tex. Sept. 10, 2024) (Boyle, J.) (affirming bankruptcy court's denial of leave to amend because plaintiff's claims were barred by the doctrine of judicial estoppel).

### *Recommendation*

For the reasons stated above, the District Judge should **DENY** Plaintiff's Motion to Remand (ECF No. 6) and **GRANT** Defendants' Motion to Dismiss (ECF No. 10). The District Judge should **DISMISS** Plaintiff's action with prejudice.

**SO RECOMMENDED.**

February 13, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).